**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AMANDA MARIE IMFELD,

      Plaintiff,

v.                                                  Case No. 8:23-cv-1071-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

      Defendant.
_____

## **OPINION AND ORDER**[2]

### **I. Status**

Amanda Marie Imfeld ("Plaintiff"), who originally was found to be disabled by the Social Security Administration ("SSA"), is appealing the SSA's final decision finding that as of February 8, 2017, she was no longer disabled and continued not to be disabled through December 31, 2018, her date last insured ("DLI") for disability insurance benefits ("DIB"). Plaintiff was initially found to be disabled on February 9, 2011 because of "borderline intellectual

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed July 14, 2023; Reference Order (Doc. No. 11), entered July 14, 2023.

functioning and attention deficit hyperactivity disorder." Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed July 14, 2023, at 105, 109; see Tr. at 128.[3] The original finding of disability was based on applications for DIB and supplemental security income (SSI) protectively filed on May 15, 2008, with an applicable disability date of November 1, 2007. Tr. at 109, 230-33 (DIB application actually filed June 2, 2008) .

The SSA conducted a review of Plaintiff's disability status, see 20 C.F.R. §§ 404.1594(a), 416.994(a), and made an initial determination on February 8, 2017 that Plaintiff was no longer disabled as of February 2017, Tr. at 112-27, 128, 129, 131-35. Plaintiff sought reconsideration. Tr. at 141. On reconsideration, the SSA made the same determination. Tr. at 130. The matter was referred to a State Agency Disability Hearing Officer, Tr. at 144, who issued a decision on October 27, 2017 upholding the SSA's earlier determination. Tr. at 153-59; see Tr. at 160-65.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at 167. On June 10, 2019, an ALJ held a hearing, during which he heard testimony from Plaintiff, who was represented by counsel, and a

---

[3] Some documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

vocational expert ("VE"). See Tr. at 43-65.[4] The ALJ issued a decision on July 16, 2019, finding that Plaintiff's disability ended on February 1, 2017 and Plaintiff did not become disabled again afterwards. Tr. at 27-37.

Thereafter, Plaintiff requested review of the decision by the Appeals Council and submitted additional medical evidence in support of the request. Tr. at 2, 5-6 (Appeals Council exhibit list and Orders), 8-17 (medical evidence), 227-29 (request for review). On May 22, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed the final decision to this Court on July 13, 2020. Tr. at 786-88. On April 8, 2021, the Commissioner filed an Unopposed Motion for Entry of Judgment With Remand ("Motion"), in which the Commissioner asked that the matter be reversed and remanded to consider and compare the medical evidence from the comparison point decision ("CPD") with the medical evidence then-currently in the file. Tr. at 790-91. On April 23, 2021, the Court entered an Order granting the Motion and reversing and remanding the matter. Tr. at 794-95; see Tr. at 796-98 (Report and Recommendation), 801 (Judgment).

---

[4] The administrative transcript also contains the transcript of the hearing from January 13, 2011, Tr. at 68-97, upon which the original finding of disability was made. Tr. at 103-09.

On remand, the Appeals Council remanded the matter to an ALJ to further consider whether Plaintiff had experienced medical improvement. Tr. at 808. The ALJ was instructed to "compare the medical evidence from the [CPD] with the medical evidence currently in the file in accordance with 20 CFR [§] 404.1594." Tr. at 808. In so doing, the ALJ was to "offer [Plaintiff] the opportunity for a hearing, address the evidence which was submitted to the Appeals Council, take any further action needed to complete the administrative record and issue a new decision." Tr. at 809.

On January 25, 2022, another ALJ held a hearing, at which Plaintiff (represented by counsel) and a VE testified.[5] Tr. at 739-59. On February 23, 2022, the ALJ issued a written Decision finding Plaintiff's disability ended on February 8, 2017 and Plaintiff did not become disabled again through her DLI of December 31, 2018. Tr. at 711-24. Plaintiff filed written exceptions to the ALJ's Decision. Tr. at 705-06 (Appeals Council exhibit list and Order), 956-65 (exceptions). On March 27, 2023, the Appeals Council declined to assume jurisdiction, Tr. at 700-04, making the ALJ's Decision the final decision of the Commissioner. On May 15, 2023, Plaintiff commenced this action under 42

---

[5] This hearing was held via telephone, with Plaintiff's consent, because of the COVID-19 pandemic. Tr. at 741, 914.

U.S.C. § 405(g), by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff makes three arguments on appeal: 1) the ALJ "erred in failing to adequately follow the Appeals Council remand order"; 2) the ALJ erred in assessing Plaintiff's residual functional capacity ("RFC"); and 3) the ALJ "improperly weighed opinion evidence." Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 15; "Pl.'s Mem."), filed August 11, 2023, at 1-2; see id. at 6, 14, 16. On September 12, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") responding to Plaintiff's arguments. Then, on September 19, 2023, Plaintiff's Reply Brief (Doc. No. 20; "Reply") was filed.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for proper comparison of the evidence predating the CPD with the current evidence (the subject of the first remand).[6] On remand, further development may impact the Administration's consideration of the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on those issues. See Jackson v. Bowen, 801

---

[6] Plaintiff requests that the Court award benefits. Reply at 4. The Court declines; the proper remedy here is reversal and remand for further proceedings.

F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

An ALJ typically follows a five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations") when determining whether an individual is disabled,[7] determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion

---

[7] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

When the ALJ is determining whether a disability has ended, however, the Regulations mandate following a different sequential inquiry. See 20 C.F.R. §§ 404.1594(f), 416.994(b). This sequential inquiry asks, in substance, whether the claimant (1) is engaging in substantial gainful activity (for DIB cases; for SSI cases this step is eliminated); (2) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (3) has experienced medical improvement; (4) has experienced medical improvement that is related to the ability to work; (5) has experienced medical improvement, but an exception to the medical improvement applies; (6) has current impairments that when considered in combination are severe; (7) can perform past relevant work; and (8) can perform other work that exists in the national economy. See 20 C.F.R. §§ 404.1594(f), 416.994(b). "When considering a case for termination or cessation of benefits, . . . the burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the [p]laintiff had experienced 'medical improvement.'" Townsend v. Comm'r of Soc. Sec., No. 6:13-cv-1783-Orl-DAB, 2015 WL 777630, at *3 (M.D. Fla. Feb. 24, 2015) (unpublished) (emphasis omitted) (citing Simpson v. Schweiker, 691 F.2d 966, 969 (11th Cir. 1982), superseded by statute

on other grounds as stated in Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1214 (11th Cir. 1991); Huie v. Bowen, 788 F.2d 698, 705 (11th Cir. 1986).[8]

Here, the ALJ found as follows:

1.     The most recent favorable medical decision finding that [Plaintiff] was disabled is the decision dated February 9, 2011. This is known as the "comparison point decision" or CPD.

2.     At the time of the CPD, [Plaintiff] had the following medically determinable impairments: borderline intellectual functioning (BIF) and attention deficit hyperactivity disorder (ADHD). These impairments were found to result in the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] may perform jobs that do not demand attention to detail or involve complicated instructions or job tasks, that requires only simple 1, 2, or 3 step instructions or tasks, that do not require work at a production rate pace, that provide close supervision and frequent assistance from co-workers and supervisors, and that require only occasional cooperation or interaction with the general public. [Plaintiff] can maintain concentration and attention for a minimum of two hours at a time, provided there is a 20 minute rest period at the end of the two hours, and could adapt to changes in the workplace at a basic level if those changes are introduced gradually.

---

[8]     Defendant suggests that Plaintiff here had the burden of proving her continuing disability, citing Gombash v. Commissioner, Social Security Administration, 566 F. App'x 857, 858 (11th Cir. 2014) (unpublished), for the proposition that the "burden to prove disability in [a] cessation of benefits case 'ultimately rests with the claimant.'" Def.'s Mem. at 4. The unpublished Gombash opinion contains one sentence regarding the burden of proof: "The burden ultimately rests with the claimant to prove that he is disabled and entitled to Social Security Benefits." Gombash, 566 F. App'x at 858 (citing 20 C.F.R. § 404.1512(a)). Although Gombash was a cessation of benefits case, this one sentence set forth in the opinion appears to refer generally to the burden of proof in social security initial disability determinations, as evidenced by the citation to Section 404.1512(a) that addresses the process of the initial disability determination.

> 3.  Through the date of this [D]ecision, [Plaintiff] has not engaged in substantial gainful activity.
>
> 4.  [Plaintiff] currently has the following severe impairments: bipolar disorder, BIF, and ADHD.

Tr. at 714 (emphasis and citations omitted).

The ALJ then engaged in the rest of the steps in the sequential inquiry. At step two, the ALJ determined that "[s]ince February 8, 2017, [Plaintiff] has not had an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 715 (emphasis and citation omitted). At step three, the ALJ found that "[m]edical improvement occurred on February 8, 2017." Tr. at 717 (emphasis and citation omitted).

The ALJ then assessed Plaintiff's RFC since February 8, 2017:

> [Plaintiff can] perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] can understand, remember, and carry out simple instructions; can perform simple, unskilled tasks with a specific vocational preparation (SVP) of one or two and a general education development (GED) reasoning level of one or two with concentrated effort, persistence, pace, and reliability; can occasionally interact with coworkers and supervisors; can never interact with the public; can perform no production pace or quota-driven work, such as assembly lines; and can tolerate only occasional changes in the work setting.

Tr. at 717 (emphasis omitted).

At step four, the ALJ found that Plaintiff's "medical improvement is related to the ability to work because it resulted in an increase in [Plaintiff's RFC]." Tr. at 722 (emphasis and citation omitted). At step five, although not explicitly stated, it can be inferred from the Decision that the ALJ found no exceptions apply to the medical improvement. At step six, the ALJ found that "[s]ince February 8, 2017, [Plaintiff] has continued to have a severe impairment or combination of impairments." Tr. at 722 (emphasis and citation omitted).

At step seven, the ALJ found Plaintiff "has no past relevant work." Tr. at 722 (some emphasis and citation omitted). The ALJ then proceeded to step eight and, after considering Plaintiff's age ("a younger individual"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the testimony of the VE and found that "[s]ince February 8, 2017, . . . [Plaintiff] has been able to perform a significant number of jobs in the national economy," such as "Clothes Marker" and "Janitor." Tr. at 723 (some emphasis and citation omitted). The ALJ concluded that Plaintiff's "disability ended on February 8, 2017, and [Plaintiff] did not become disabled through her [DLI] of December 31, 2018." Tr. at 724 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to cessation of disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference

is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). The key is "whether the [Commissioner's] finding of improvement to the point of no disability is supported by substantial evidence." Simpson, 691 F.2d at 969. It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the

Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in failing to adequately follow the Appeals Council's remand order to compare the evidence from the CPD with the evidence currently in the file. Pl.'s Mem. at 1, 6-14. Responding, Defendant acknowledges the ALJ's Decision "may not have been as thorough as Plaintiff may have wished," but argues nevertheless that it "provides a sufficient discussion to allow the Court to determine whether substantial evidence supports the ALJ's findings." Def.'s Mem. at 7.

In a cessation of benefits case, "there can be no termination of benefits unless there is substantial evidence of improvement to the point of no disability." McAulay v. Heckler, 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam) (citation omitted). "Medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1). To make the required finding of medical improvement prior to terminating benefits, an ALJ must "evaluate the medical evidence upon which [the claimant] was originally found to be disabled," and compare it with the newer

medical evidence. Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984); see also Simone v. Comm'r of Soc. Sec. Admin., 465 F. App'x 905, 908 (11th Cir. 2012) (citing McAulay, 749 F.2d at 1500; 20 C.F.R. § 404.1594(c)(1)).

Here, although the ALJ was directly on notice of the remand instructions and stated so in the Decision, Tr. at 711, the ALJ's comparison of the evidence is inadequate. In finding generally that "[m]edical improvement occurred on February 8, 2017," the ALJ wrote as follows:

> The medical evidence supports a finding that, by February 8, 2017, there had been a decrease in medical severity of the impairments. A consultative examination from the CPD file conducted by Dr. Trimmer in March 2009 found [Plaintiff] to have extremely low to borderline range memory skills (Exhibit B5F). However, at the consultative examination with Dr. Tenenbaum in February 2017, [Plaintiff's] remote and long-term memory functioning were intact (Exhibit B10F). Similarly, records from the CPD show that [Plaintiff] was inattentive and had poor hygiene (Exhibit B15F), but Dr. Tenenbaum found [Plaintiff] able to attend and complete the evaluation (Exhibit B10F). Therefore, the record establishes that [Plaintiff's] condition improved from the CPD to the time of the cessation.

Tr. at 717. The ALJ's limited analysis suffers from four fatal flaws. First, in terms of the original evidence in the file predating the CPD, the ALJ solely cited a consultative examination by Dr. Trimmer (Exhibit B5F, located at Tr. at 438-43). Second, the ALJ referred to unspecified "records from the CPD show[ing] that [Plaintiff] was inattentive and had poor hygiene," Tr. at 717, but the

citation following that sentence is to a "CDR Analysis Form" authored by "K.B. Adams" on February 23, 2017, whose identity is not clear. Tr. at 564-65. The form purports to summarize the evidence and compare it. Tr. at 564-65.

Third, despite the CPD and the actual evidence upon which it was based being available to the ALJ, see 103-09 (CPD), 300-492 (evidence), the ALJ elected not to discuss hardly any of it, Tr. at 717. The CPD makes clear that, while Dr. Trimmer's examination findings were important, they were not the exclusive reason for determining Plaintiff was disabled. See Tr. at 106-07. Moreover, Dr. Trimmer's examination findings were significantly more detailed than the ALJ discussed. See Tr. at 438-43.

Fourth, in the limited findings the ALJ made comparing the evidence, the ALJ focused on inattentiveness and hygiene, finding both had improved based solely on Dr. Tenanbaum's examination. Tr. at 717 (emphasis added); see Tr. at 526-29. Elsewhere in the Decision, however, the ALJ recognized hygiene was still problematic on occasion. Tr. at 716 ("she was noted not to have showered recently"), 718 (recognizing testimony that "she forgets to shower or do laundry for days at a time"). Moreover, the ALJ in the comparison discussion omitted discussion of other more recent consultative findings of Daniel J. van Ingen, Psy.D., who noted "limited" memory skills and "limited" attention and concentration "due to cognitive limitations." Tr. at 645. Dr. van Ingen also made

findings about Plaintiff's "extremely low range" performance on the verbal comprehension index; third percentile performance on a "working memory" test; "range of intellectual disability" findings on four out of ten tests; wearing dirty clothes at times; needing reminders for showers; and going a few days without brushing her teeth. Tr. at 646-47. Overall, Dr. van Ingen opined Plaintiff is "markedly limited in her ability to do simple tasks due to concentration problems"; "extremely limited in her ability to understand and perform complex tasks due to intellectual disability"; "markedly limited in her ability to concentrate"; and "mildly to moderately limited in her ability to get along with supervisors and colleagues." Tr. at 647.[9]

In sum, the ALJ's comparison of the original medical evidence with the new medical evidence is insufficient. See Vaughn, 727 F.2d at 1043; see also Simone, 465 F. App'x at 908 (citing McAulay, 749 F.2d at 1500; 20 C.F.R. § 404.1594(c)(1)). Accordingly, the ALJ's finding that "[m]edical improvement occurred on February 8, 2017," Tr. at 717 (emphasis omitted), cannot stand, see Vaughn, 727 F.2d at 1043 (finding error when "the ALJ focused only on current evidence of whether [the plaintiff] was disabled"); McAulay, 749 F.2d at 1500

---

[9] The ALJ did discuss some of Dr. van Ingen's findings later in the Decision, ultimately affording his opinion limited weight, Tr. at 721, but Dr. van Ingen's observations and testing were no less important than Dr. Tenanbaum's in determining whether Plaintiff had experienced medical improvement.

(finding that although the ALJ referred to original medical records, "no comparison was made" and "the ALJ failed to properly address the issue of improvement").

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reevaluate whether Plaintiff has medically improved, being sure to compare the original medical evidence with the new medical evidence;

(B) If appropriate, address Plaintiff's other arguments in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 25, 2024.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record